## STATEMENT OF FACTS

On April 14, 2015, Detective Timothy Palchak, the undersigned affiant, was acting in an undercover capacity as part of the Metropolitan Police Department-Federal Bureau of Investigation ("MPD-FBI") Child Exploitation Task Force. Acting as an undercover task force officer ("UC"), the undersigned affiant posted an online advertisement in a predicated area of the online website for classified advertisements, which, based on the UC's experience and information gathered from other sources, is an area of the website that is frequented by individuals who have a sexual interest in children and incest. The advertisement was intended to attract individuals with a sexual interest in children through the use of adjectives such as "taboo" and "perv."

On April 14, 2015, the UC communicated with an individual later identified as the defendant, Daniel Savage. The defendant contacted the UC over email in response to the online advertisement. The defendant asked the UC what he was into and the UC replied "taboo, incest, etc." The defendant replied "Same! We should talk." The defendant then asked the UC if he was a dad with access to a child and told the UC that he was not into "G" but into "B" – which the UC understood to mean that the defendant was stating he was not interested in girls but boys. The defendant asked the UC if he knew any available boys, and the UC told the defendant that he had access to a purported 12 year-old boy.

During the course of the email and subsequent text conversations between the defendant and UC, which started on April 14, 2015 and ended on April 18, 2015, the defendant expressed an interest in engaging in anal and oral sex with the purported 12 year-old boy. Over the subsequent text exchanges, the defendant asked the UC questions about the purported 12 year-old boy, such as "[h]ow deep he can suck" and "[d]oes he like to bottom." When the UC asked the defendant what he wanted to do with the purported 12 year-old boy, the defendant replied that he wanted to do "oral," "rimming," and "fucking," which the UC understood to mean both oral and anal sex. The defendant also texted that he likes "8 to 13," which the UC understood to mean that the defendant was interested in children between the ages of 8 and 13 years of age. The defendant asked the UC to send a photograph over text of the purported 12 year-old boy so that he could see what the child looked like.

As the conversation continued to progress, the defendant made arrangements to travel from his home in the Commonwealth of Pennsylvania to the District of Columbia for the purpose of engaging in anal and oral sex with the purported 12 year-old boy. The plan was to meet on Saturday, April 18, 2015 at a pre-arranged location, a particular bar, in the District of Columbia. Thereafter, the plan was that the defendant and UC would leave the bar and meet the purported 12 year-old boy in front of the UC's apartment complex and then proceed with the sexual activities inside of the UC's apartment. The defendant also indicated during these text exchanges that he would bring pornography on thumb drives so he could watch the pornography with the purported 12 year-old boy.

On Saturday, April 18, 2015, the defendant contacted the UC by phone while on

his way to the District of Columbia. The defendant wanted to make sure that the plan was still on, that the "kid was into it," and that the UC was not law enforcement. After the UC assured the defendant that nobody was getting cold feet and that the purported 12 year-old boy was "into" the encounter, the defendant inquired about the plan for the day and asked the UC how big the 12 year-old boy's penis and "balls" were. The defendant continued to indicate his excitement.

Thereafter, on April 18, 2015 at approximately 9:45am, the defendant met the UC at the prearranged location in the District of Columbia. The UC recognized the defendant from a photograph that the defendant had sent to the UC during the text exchange a few days earlier. The UC also recognized the defendant's voice from the phone call they had earlier that morning. The defendant indicated that he had parked at a meter and only had 37 minutes on the meter so he needed to find another place to park. The UC said that once they left the bar, the UC could let him use his parking pass to park in his spot for the remainder of the day. Thereafter, the defendant was subsequently placed under arrest by members of the Child Exploitation Task Force and transported to 1-D for processing.

The defendant waived his rights and was interviewed by FBI Agent Alicia McShane and FBI Agent Tanya Sturgill. The undersigned affiant spoke directly with the FBI agents about the defendant's post arrest statements, which are described below. The defendant admitted to traveling from Pennsylvania to the District of Columbia for the purpose of engaging in sexual activity with a 12 year-old boy. Further, the defendant admitted to transporting and possessing child pornography with him to the prearranged meeting location. The defendant stated that he brought the child pornography with him to provide to the UC as a "gift."

Subscribed and sworn to before me this _____ day of April, 2015.

_____  
DETECTIVE TIMOTHY PALCHAK  
METROPOLITAN POLICE DEPARTMENT

_____  
UNITED STATES MAGISTRATE JUDGE  
DEBORAH A. ROBINSON