UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIM NO. 15-095 |
| v. | : | |
| DANIEL SAVAGE, | : | FILED |
| Defendant. | : | SEP 0 3 2015 |
| | | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

### STATEMENT OF OFFENSE

The parties in this case, the United States of America and the defendant, Daniel Savage, stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offense; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offenses to which he is pleading guilty, Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b).

### Elements of Offense

The essential elements of the offense of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), are:

(1)  The defendant traveled in interstate commerce;

(2)  The defendant's purpose in traveling in interstate commerce was to engage in illicit sexual conduct with a minor.

A "minor" is any person under the age of 18 years.

Pursuant to 18 U.S.C. § 2423(f), "illicit sexual conduct" means a sexual act with a person under 18 years of age that would be in violation of federal criminal law, specifically Chapter 109A,

1

if the sexual act occurred in the special maritime and territorial jurisdiction of the United States. A "sexual act" is defined by 18 U.S.C. § 2246(2). Pursuant to 18 U.S.C. § 2243(a), it is a violation of federal criminal law to knowingly engage in a sexual act, or to attempt to engage in such an act, with a minor who has attained the age of 12 years, but has not attained the age of 16 years, and is at least 4 years younger than the defendant.

## Penalties

Travel with Intent to Engage in Illicit Sexual Conduct is a charge that carries a maximum sentence of 30 years of imprisonment pursuant to 18 U.S.C. § 2423(b), a fine of not more than $250,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571, and a period of supervised release – after any period of incarceration – of not less than five years or life pursuant to 18 U.S.C. § 3583(k).

## Statement of Facts

On April 14, 2015, Detective Timothy Palchak was acting in an undercover capacity as part of the Metropolitan Police Department-Federal Bureau of Investigation ("MPD-FBI") Child Exploitation Task Force. Acting as an undercover task force officer ("UC"), the undersigned affiant posted an online advertisement in a predicated area of the online website for classified advertisements, which, based on the UC's experience and information gathered from other sources, is an area of the website that is frequented by individuals who have a sexual interest in children and incest. The advertisement was intended to attract individuals with a sexual interest in children through the use of adjectives such as "taboo" and "perv."

On April 14, 2015, the UC communicated with an individual later identified as the defendant, Daniel Savage, 33 years of age. The defendant contacted the UC over email in

response to the online advertisement. The defendant asked the UC what he was into and the UC replied "taboo, incest, etc." The defendant replied "Same! We should talk." The defendant then asked the UC if he was a dad with access to a child and told the UC that he was not into "G" but into "B" – which the UC understood to mean that the defendant was stating he was not interested in girls but boys. The defendant asked the UC if he knew any available boys, and the UC told the defendant that he had access to a purported 12 year-old boy. Specifically, the UC indicated that he had a friend who allowed his 12-year-old son to visit with the UC at the UC's apartment for the purpose of the UC engaging in sexual acts with the purported 12 year-old boy.

During the course of the email and subsequent text conversations between the defendant and UC, which started on April 14, 2015 and ended on April 18, 2015, the defendant expressed an interest in engaging in anal and oral sex with the purported 12 year-old boy. Over the subsequent text exchanges, the defendant pressed the UC about "set[ting] this up for sometime soon" so that he can "meet the boy," and peppered the UC with questions about the purported 12 year-old boy, such as "[d]oes he fuck," "[h]ow deep he can suck," "[d]oes he have pubes..[h]ow big is his cock," "[d]oes he like to bottom," and "[i]s he open to playing or forced?" When the UC asked the defendant what he wanted to do with the purported 12 year-old boy, the defendant replied that he wanted to do "oral," "rimming," and "fucking," which the UC understood to mean both oral and anal sex. The defendant also texted that he likes "8 to 13," which the UC understood to mean that the defendant was interested in children between the ages of 8 and 13 years of age. The defendant asked the UC to send a photograph over text of the purported 12 year-old boy so that he could see what the child looked like.

As the conversation continued to progress, the defendant made arrangements to travel from

his home in the Commonwealth of Pennsylvania to the District of Columbia for the purpose of engaging in anal and oral sex with the purported 12 year-old boy. The plan was to meet on Saturday, April 18, 2015 at a pre-arranged location, a particular bar, in the District of Columbia. Thereafter, the plan was that the defendant and UC would leave the bar and meet the purported 12 year-old boy in front of the UC's apartment complex and then proceed with the sexual activities inside of the UC's apartment. The defendant also indicated during these text exchanges that he would bring child pornography on thumb drives so he could watch the pornography with the purported 12 year-old boy. The defendant indicated that he would get the videos from a friend and bring them with him to the District of Columbia.

On Saturday, April 18, 2015, the defendant contacted the UC by phone while on his way to the District of Columbia. The defendant wanted to make sure that the plan was still on, that the "kid was into it," and that the UC was not law enforcement. After the UC assured the defendant that nobody was getting cold feet and that the purported 12 year-old boy was "into" the encounter, the defendant inquired about the plan for the day and asked the UC how big the 12 year-old boy's penis and "balls" were. The defendant continued to indicate his excitement.

Thereafter, on April 18, 2015 at approximately 9:45am, the defendant met the UC at the prearranged location in the District of Columbia. The UC recognized the defendant from a photograph that the defendant had sent to the UC during the text exchange a few days earlier. The UC also recognized the defendant's voice from the phone call they had earlier that morning. The defendant indicated that he had parked at a meter and only had 37 minutes on the meter so he needed to find another place to park. The UC said that once they left the bar, the UC could let him use his parking pass to park in his spot for the remainder of the day. Thereafter, the defendant was

subsequently placed under arrest by members of the Child Exploitation Task Force and transported to 1-D for processing.

The defendant waived his rights and was interviewed by FBI Agent Alicia McShane and FBI Agent Tanya Sturgill. The defendant admitted to traveling from Pennsylvania to the District of Columbia for the purpose of engaging in sexual activity with a 12 year-old boy. Further, the defendant admitted to transporting and possessing child pornography with him to the prearranged meeting location.

The defendant drove his father's vehicle, a 2009 Hyundai Sonata with VIN #5NPET46C19H515448, to meet the UC. The vehicle was inventoried after the defendant's arrest. Law enforcement located the following six USB devices in the defendant's vehicle: (a) Exar 64GB thumb drive, (b) HP 4GB thumb drive, (c) Cruzer 8GB thumb drive, (d) (2) Swagelok eDTR drives, and (e) Dane-Elec 4GB drive with serial number 498326. Recovered from the defendant's person was his Iphone cellular phone Model #A1533, which he had used to communicate with the UC.

A preliminary forensic review of the six thumb-drives mentioned above led to the discovery of several images and videos depicting child pornography, including multiple videos and images of children engaged in sexual acts who appear to be under the age of 12 years old.

Respectfully submitted,

VINCENT H. COHEN, JR.
ACTING UNITED STATES ATTORNEY

*Lindsay Sutterberg*
Lindsay Sutterberg
Assistant United States Attorney

5

## DEFENDANT'S ACKNOWLEDGMENT

I have read every page of this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 9/3/15

Daniel Savage
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 9/3/15

Dani Jahn, Esq.
Attorney for Defendant

6