UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>DANIEL SAVAGE,       )<br>)<br>Defendant.   )<br>) | Criminal No. 15-CR-95 (KBJ) |

**ORDER**

    Counsel for Defendant Daniel Savage has filed an unopposed motion to compel the United States Probation Office to disclose a copy of its sentencing recommendation document to the parties. (Unopposed Mot. to Compel Disclosure of Recommendation ("Mot. to Compel Disclosure"), ECF No. 24, at 1.) This Court has considered defense counsel's arguments regarding the transparency of sentencing proceedings and the parties' desire to have an opportunity to rebut any factors in that recommendation that the court may consider that are outside of the record in the case.

    Defense counsel cites cases from other districts in which courts have found that consideration of an undisclosed recommendation was improper because the sentencing court based its decision, at least in part, on the probation officer's belief of certain facts that were not shared with the parties nor based on the officer's investigation or interview of the defendant. *See, e.g.*, *United States v. Christman*, 509 F.3d 299, 310 (6th Cir. 2007) (remanding for resentencing where district court considered undisclosed subjective impressions and opinion of probation officer regarding the defendant's offense conduct). In this district, however, as a matter of both policy and practice, the

sentencing recommendation merely restates the pertinent factual information about the characteristics of the defendant and the offense that has already been revealed in the Presentence Investigation Report ("PSR").  In other words, it is the policy in this district that any facts that support the officer's recommendation be fully set forth in the PSR itself, and that the only additional information in the recommendation the Probation Office's opinion regarding the particular sentence that should be imposed.

The judges of this district have not adopted a local rule governing disclosure of the Probation Office's sentencing recommendation; therefore, each district judge may adopt his or her own policies and procedures regarding this matter.  To balance the parties' interest in transparency with the need to preserve candor and prevent impairment of the Probation Office's duties, this Court has decided not to order the Probation Office to disclose the recommendation document itself, except in extraordinary circumstances that are not present here.  However, the Court will provide oral disclosure of the Probation Office's recommended sentence at Mr. Savage's sentencing hearing and permit the parties to respond, if they wish to do so.

Accordingly, it is hereby

**ORDERED** that Defendant's [24] motion to compel disclosure of the sentencing recommendation is **DENIED**.

Date:  November 13, 2015

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge